MORRIS C. SCHNEIDKRAUT, Respondent, v. ARNOLD LEVIEN et al., Defendants, and ROCKVAN REALTY CORPORATION, Appellant.— In an action to recover brokerage commissions, the corporate defendant Rockvan Realty Corporation appeals from an order denying its motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and for judgment on the pleadings (under rules 106 and 112 of the Rules of Civil Practice). The complaint alleges that plaintiff was employed to procure a tenant for certain real property owned at the time by said corporate defendant; that plaintiff procured a prospective tenant, who negotiated with said corporate

defendant through the individual defendants, who were stockholders, officers and directors of said corporate defendant; that while these negotiations were pending, said corporate defendant conveyed title to the property to the individual defendants; that the individual defendants had knowledge of the foregoing and had duly ratified, adopted and assumed the performance of the agreement and became liable along with said corporate defendant for the performance of the agreement; that the individual defendants continued the negotiations with the prospective tenant, as a result of which there was a meeting of the minds between the prospective tenant and the individual defendants, and that the prospective tenant was ready, willing and able to enter into a lease; that thereafter the individual defendants refused to enter into the lease. Order reversed, with $10 costs and disbursments, and motion granted, without costs, with leave to plaintiff to plead over, within ten days from the entry of the order hereon, if so advised. The complaint does not allege that there was a meeting of the minds between the prospective tenant and appellant; nor that the prospective tenant was ready, willing and able to become a tenant of appellant prior to the date when appellant divested itself of title to the realty. Nor is there an allegation that the title to the property was conveyed by appellant to the individual defendants in bad faith in order to escape payment of commissions. Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.